# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

HAROLD KIRBY,  
    No. 295089,

    Plaintiff,

v.

ASSOCIATE WARDEN CAROLYN JORDAN, *et al.*,

    Defendants.

No. 3:15-cv-00866  
Senior Judge Nixon

## MEMORANDUM

Plaintiff Harold Kirby, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Associate Warden Carolyn Jordan, Lt. Fred Schildkamp, Lt. f/n/u Skinner, Cpl. f/n/u Stokes, Cpl. f/n/u Spyers, Cpl. f/n/u Bird, Sgt. f/n/u Moseby, Sgt. Michael Keathley, C/O f/n/u King, C/O f/n/u Grayer, C/O f/n/u Bressi, and C/O f/n/u Blackwell, alleging that the defendants violated his civil rights by not honoring a therapeutic diet order regarding the plaintiff's documented food allergies, by retaliating against the plaintiff, and by failing to respond to his grievances. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

I.    **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

1

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff Kirby seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Alleged Facts

The complaint alleges that the plaintiff, an inmate of the Riverbend Maximum Security Institution, suffers from a number of food allergies. According to the complaint, the particular foods to which the plaintiff is allergic are listed on a medical form signed by Riverbend's health administrator Phyllis Long, and the plaintiff gave this form and a therapeutic diet order to all named defendants excluding Sgt. Keathley on multiple occasions. The complaint alleges that, despite having been put on notice of the plaintiff's allergies, these defendants served the plaintiff trays of food containing items to which the plaintiff is allergic and threatened to "write the plaintiff up" with disciplinary violations if he refused the food. For example, the complaint alleges that defendant Stokes told the plaintiff that "she is not going to cater too [sic] inmates needs simply because they are afraid of a few food allergies." (Docket No. 1).

On at least seven occasions between March and May 2015, these defendants refused to give the plaintiff a meal tray as retaliation for him having complained. The result, according to the complaint, is that the plaintiff was not provided a meal on several occasions or was not able to eat

3

enough from his meal tray to sustain his health. The plaintiff alleges that he has filed grievances concerning these problems, but his concerns have been deemed "non grievable" by defendant Keathley. (Docket No. 1 & Attachs).

## IV. Analysis

### A. Eighth Amendment Claims

The Eighth Amendment to the United States Constitution requires that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Depriving an inmate of food, or serving him contaminated food, establishes grounds for a violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S 337, 348 (1981).

The plaintiff claims that, on a number of occasions, he was not provided with well-balanced meals because the meal trays provided to him contained foods to which the defendants know he is allergic. The plaintiff further claims that, on some occasions, the defendants deprived the plaintiff of food altogether. Although more facts need to be uncovered with regard to these allegations, the court finds that the plaintiff has sufficiently stated non-frivolous claims upon which relief can be granted under the Eighth Amendment to the United States Constitution through 42 U.S.C. § 1983 against all defendants except Sgt. Keathley, who was not involved in the alleged denial of appropriate food to the plaintiff.

4

## B. Retaliation Claims

Next, a prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396.

Here, the plaintiff alleges that the defendants, excluding Keathley, retaliated against the plaintiff for complaining about his meal trays by refusing to provide him with a meal tray at all on specific dates. The plaintiff therefore was not provided with any food at mealtime on a number of occasions. Although it is unclear at this early state of the proceedings whether the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff's allegations of retaliation withstand the required frivolity review. These claims, too, will be permitted to proceed for further development against all named defendants except Keathley.

## C. Failure to Respond to Grievances Claims

The plaintiff's § 1983 claims against Defendant Keathley are premised on his response, or lack of response, to the plaintiff's grievances and/or complaints. Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983

5

claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims based on any defendant's failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. Any such claims will be dismissed.

### D. Section 1983 Official Capacity Claims for Monetary Damages

To the extent that the complaint seeks monetary damages against an individual defendant in his or her official capacity as an employee of the State of Tennessee, any such claim is barred by the Eleventh Amendment, see *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989), and must be dismissed.

## V. Conclusion

As set forth above, the plaintiff's allegations pertaining to the deprivation of food, refusal to provide allergy-free food trays, and retaliation against all named defendants except Sgt. Keathley state claims upon which relief can be granted under the First (retaliation) and Eighth (food) Amendments.

However, the complaint fails to state § 1983 claims upon which relief can be granted as to the plaintiff's claims against Sgt. Keathley based on Keathley's response or lack of response to the plaintiff's grievances, and those claims must be dismissed under the PLRA. Likewise, the plaintiff's claims for money damages against any defendant in his or her official capacity must be dismissed.

An appropriate order will follow.

_____
Judge John T. Nixon
Senior United States District Judge